**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

BRENDA J. HOWE, *on behalf of herself*
*and all others similarly situated*,

      Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,
*a Washington State Limited Liability Company,*

      Defendant.

_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

    1.      On behalf of herself and the putative class, Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

    2.      This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

    3.      Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

    4.      Plaintiff, Brenda J. Howe ("Plaintiff"), is a natural person, and a resident of the State of Florida, residing in Indian River County, Florida.

    5.      Defendant, Receivables Performance Management, LLC ("Defendant"), is a Washington State Limited Liability Company engaged in the business of collecting consumer

1

debts, which operates from offices located at 20816 44th Avenue West, Lynnwood, Washington, 98036. Defendant is licensed in Florida as a consumer collection agency, license number CCA0900675.

6.  Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7.  Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8.  At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.  Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a Capital One Bank, N.A. ("Capital One") account. The account was not used for any commercial purpose. The debt was incurred primarily for personal, household or family use.

10.  On or about December 4, 2016, Defendant mailed, or caused to be mailed, a letter to Plaintiff seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

11.  The Demand Letter states, in pertinent part:

> Your account has been listed with Receivables Performance Management for payment processing and collection. If you have any questions or need assistance, please call TOLL FREE 877.297.3159.

| | |
|---|---|
| Reference Number: | 54734163 |
| Creditor: | Kohl's Department Stores, Inc. |
| Original Creditor: | Kohl's Department Stores, Inc. |
| Date: | 11-30-15 |
| **Amount Due:** | **$541.41** |

Emphasis in original.

12.     The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

13.     *15 U.S.C. §1692g(a)* states:

Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) **the name of the creditor to whom the debt is owed;**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Emphasis added.

14.     The Demand Letter identifies "Kohl's Department Stores, Inc." as the "Creditor" for whom Defendant was seeking to collect the debt alleged to be owed by Plaintiff. The Demand Letter also names "Kohl's Department Stores, Inc." as the "Original Creditor".

15.     The Demand Letter does not identify the true current creditor as Capital One, nor is Capital One mentioned anywhere in the Demand Letter.

16.     Either Defendant falsely and misleadingly identified "Kohl's Department Stores, Inc." as the creditor to whom the debt is owed, or does not identify any entity as the current creditor.

17.     Capital One is the actual creditor to whom the alleged debt is owed.

18.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

19.     The Demand Letter was Defendant's initial communication with Plaintiff.

## CLASS ACTION ALLEGATIONS

20.     This action is brought on behalf of a Class consisting of (i) all persons with addresses in the Florida Counties that comprise the geographical boundaries of the United States District Court for the Southern District of Florida, namely Miami-Dade, Monroe, Broward, Palm Beach, Martin, Saint Lucie, Indian River, Okeechobee, and Highlands Counties (ii) to whom initial communication letters were mailed, or caused to be mailed, that identified "Kohl's Department Stores, Inc." as the creditor to whom a debt was owed when the debt was actually owed to Capital One Bank, N.A., and did not identify the current creditor as Capital One Bank, N.A. (iii) by Defendant (iv) which were not returned undelivered by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

4

21.     Defendant's use of initial communication letters sent to consumers having debts owed to Capital One Bank, N.A. that misleadingly identified "Kohl's Department Stores, Inc." as the creditor to whom a debt was owed and did not identify the correct current creditor as Capital One Bank, N.A. is so numerous that joinder of all members of the Class is impractical.

22.     There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member is that each was mailed, or caused to be mailed, an initial communication letter by Defendant that misleadingly identified the creditor as "Kohl's Department Stores, Inc." when the actual current creditor was Capital One Bank, N.A., who was not identified as the current creditor.  The principal legal issue is whether Defendant's misleading identification of the current creditor with regard to the collection of a consumer debt violates the *FDCPA*.

23.     Plaintiff's claims are typical of those of the Class members.  All are based on the same facts and legal theories.

24.     Plaintiff will fairly and adequately protect the interests of the Class.  She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

25.     Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:  (1) the questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5

26.     Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* for monetary damages; her appointment as Class Representative; and that her attorney Leo W. Desmond be appointed Class Counsel.

## COUNT I
## VIOLATION OF *15 U.S.C. § 1692g(a)(2)*

27.     Plaintiff re-alleges and incorporates Paragraphs 1 through 19.

28.     After an initial communication with Plaintiff, pursuant to *15 U.S.C §1692g(a)*, the Defendant must provide the Plaintiff with:

Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) **the name of the creditor to whom the debt is owed;**

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide

6

the consumer with the name and address of the original
creditor, if different from the current creditor.

Emphasis added.

29.     Defendant mailed, or caused to be mailed, the Demand Letter to Plaintiff in which

Defendant stated that the creditor of the alleged debt was "Kohl's Department Stores, Inc." in an

attempt to collect a consumer debt, namely to collect a past due balance on an account, in which

the actual current creditor was Capital One Bank, N.A.

30.     Pursuant to the *FDCPA,* the Demand Letter was an initial communication between

Defendant and Plaintiff.

31.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award

of statutory damages pursuant to *15 U.S.C. §1692k.*

32.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award

of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## COUNT II
## VIOLATION OF *15 U.S.C. §1692e*

33.     Plaintiff re-alleges and incorporates Paragraphs 1 through 19 and Paragraphs 28

through 30.

34.     Pursuant to *15 U.S.C. §1692g(a)(2)* the Defendant must provide the Plaintiff with:

Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in
connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial
communication or the consumer has paid the debt, send the
consumer a written notice containing—

xxxx

(2) the name of the creditor to whom the debt is owed;

35. *15 U.S.C. § 1692e(10)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. Defendant's Demand Letter mailed to Plaintiff stated that the debt was owed to "Kohl's Department Stores, Inc." as the "Creditor" and the "Original Creditor" in connection with an attempt to collect a consumer debt, namely to collect the balance owed on a charge account.

37. The Demand Letter was a communication used in connection with the collection of a debt between Defendant and Plaintiff.

38. By claiming "Kohl's Department Stores, Inc." was the "Creditor" and the "Original Creditor" to whom the debt was owed, Defendant has attempted to mislead Plaintiff and the Class into believing that the Demand Letter correctly identified the name of the current creditor to whom the debt was owed.

39. Defendant's Demand Letter is misleading and false as it identified "Kohl's Department Stores, Inc." as the "Creditor" when in actuality the actual current creditor to whom the debt was owed is Capital One Bank, N.A.

40. Defendant's Demand Letter is misleading as it does not identify the actual current creditor of the debt sought to be collected upon by Defendant and misidentifies the original creditor of the debt.

41.     Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

42.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

43.     As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a.   An Order certifying this matter as a Class Action and appointment of Plaintiff as Class Representative;

b.   An Order appointing Leo W. Desmond as Class Counsel;

c.    An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d.   An award of attorney's fees, litigation expenses and costs of the instant suit; and

e.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


Dated: May 15, 2017

                              Respectfully submitted,

                              */s/ Leo W. Desmond*
                              Leo W. Desmond, Esquire
                              Florida Bar Number 0041920
                              DESMOND LAW FIRM, P.C.
                              5070 Highway A1A, Suite D

Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:   772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*