UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:17-cv-14167-ROSENBERG/MAYNARD

BREANDA J. HOWE,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC, *a Washington
State Limited Liability Company*,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' competing Motions for Summary Judgment [DE 49, 57]. The Court has carefully considered the Motions, the parties' Responses and Replies [DE 61, 67, 68, 77], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

### I.     UNDISPUTED FACTS

Capital One Bank, N.A. ("Capital One") is the issuer of a credit card of Kohl's Department Stores, Inc. ("Kohl's") called Kohl's Charge. DE 58 at 2; DE 69 at 2. The online application for the credit card repeatedly refers to the card as Kohl's Charge and to the application as a Kohl's Charge Application. DE 69-1, 69-2. The online application advertises that Kohl's Charge entitles the cardholder to special offers redeemable either in Kohl's stores or on Kohls.com. DE 69-1. In the "Important Disclosures" section of the application, it is disclosed that the applicant is applying "for a Kohl's credit card from Capital One, N.A." DE 69-2 at 5.

Kohl's Charge billing statements refer to the credit card as Kohl's Charge, display the Kohl's logo at the top, and direct the cardholder to manage the account or ask questions on Kohls.com. DE 58 at 3; DE 58-2; DE 58-3; DE 69 at 3. A cardholder who does not wish to make a payment on Kohls.com can instead mail a check payable to Kohl's to Kohl's Payment Center. DE 58-2; DE 58-3.

Defendant is a collection agency that Kohl's retained to collect at debt that Plaintiff allegedly owes for personal purchases made on a Kohl's Charge credit card. DE 50 at 1; DE 58 at 2; DE 62 at 1; DE 69 at 2. On December 4, 2016, Defendant sent Plaintiff a demand letter that stated that it was a communication from a debt collector and that its purpose was to collect a debt. DE 1-3 at 1; DE 58 at 1; DE 69 at 1. The demand letter referred to the account containing the debt at issue as follows:

```
Reference Number:         163
Creditor:                 Kohl's Department Stores, Inc.
Original Creditor:        Kohl's Department Stores, Inc.
Date:                     11-30-15
Amount Due:               $541.41
```

DE 1-3 at 1. The demand letter was Defendant's initial communication with Plaintiff. DE 50 at 2; DE 62 at 2.

## II. PROCEDURAL HISTORY

Plaintiff brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* *See* DE 1. Plaintiff alleges that Defendant's demand letter sought to collect a debt on a Capital One account and that Capital One is the creditor to whom the debt is owed. *Id.* at 2, 4. Plaintiff contends that the demand letter violates 15 U.S.C. § 1692g(a) by failing to name the creditor to whom the debt is owed. *Id.* at 3-4, 6-7. Plaintiff further contends that the demand letter violates 15 U.S.C. § 1692e because it contains a false, deceptive, and misleading

2

representation that Kohl's is the creditor to whom the debt is owed. *Id.* at 7-9. Plaintiff seeks statutory damages. *Id.* at 9. Each party now moves for summary judgment. *See* DE 49, 57.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant meets this burden, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).

"A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). When deciding a summary judgment motion, a court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). The court does not weigh conflicting evidence or make credibility determinations. *Id.*

## IV. ANALYSIS

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). To prevail on an FDCPA claim, a plaintiff must prove that he or she has been the object of collection activity arising from a consumer debt, that the defendant is a debt collector as defined by the FDCPA, and that the defendant has engaged in an act or omission that the FDCPA prohibits. *Iyamu v. Clarfield, Okon, Salomone & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1273 (S.D. Fla. 2013).

3

The FDCPA requires a debt collector to, either in the initial communication with a consumer or within five days of the initial communication, send the consumer a written notice containing certain information, including "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a). In addition, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e.

A debt collection practice may violate § 1692e or § 1692g if it "would tend to mislead the least sophisticated consumer." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quotation omitted). This standard protects "naïve consumers," but also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* (quotation omitted).

Courts throughout the country have held that only misrepresentations that are material violate the FDCPA. *Anselmi v. Shendell & Assocs., P.A.*, No. 12-61599, 2015 WL 11121357, at *6 (S.D. Fla. Jan. 6, 2015) (collecting caselaw). "To be material, a statement must influence a consumer's decision or ability to pay or challenge a debt." *Id.* (quotation marks omitted). "Courts are reluctant to impose liability for alleged technical violations of the FDCPA that do not mislead or deceive the least sophisticated consumer." *Maximiliano v. Simm Assocs., Inc.*, No. 17-cv-80341, 2018 WL 783104, at *6 (S.D. Fla. Feb. 8, 2018) (alteration and quotation marks omitted). "When determining FDCPA liability, courts are not concerned with mere technical falsehoods that mislead no one." *Id.* (quotation marks omitted).

As Defendant points out, Courts in this District have twice disposed of cases on summary judgment that are similar to the case before this Court. In *Demonte v. Client Servs., Inc.*, Judge Middlebrooks confronted a situation in which a defendant collection agency had sought to collect a debt allegedly owed on a Firestone-Tires Plus credit card that was issued by Credit First National Association ("CFNA"). *See* No. 14-cv-14511, 2015 WL 12556159, at *1 (S.D. Fla. July 29, 2015). The demand letter stated "Re: Firestone-Tires Plus" and failed to name CFNA. *Id.* The Court granted the defendant summary judgment on the plaintiff's claim that the demand letter violated §§ 1692e and 1692g(a). *Id.* at *1, 3. The Court concluded that "the least sophisticated consumer would not be misled or deceived by [the demand letter's] reference to Firestone-Tires Plus," but rather would understand that the demand letter "was from a debt collector seeking to recover on the consumer's debt relating to their CFNA/Firestone-Tires Plus credit card." *Id.* at *3. The Court also noted that "including the name of the merchant may actually assist the least sophisticated consumer because many consumers may not understand that when he or she applies for and receives a private-label credit card, the actual creditor on the account is not the merchant, but rather some unheard of entity." *Id.* at *3 n.1.

In *Maximiliano*, Judge Bloom confronted a situation in which a defendant collection agency had sought to collect a debt allegedly owed on PayPal Credit, a virtual credit card from Comenity Capital Bank ("Comenity"). *See* 2018 WL 783104, at *1. The demand letter identified PayPal Credit as the "client" and identified Comenity as the "original creditor," but did not name a "current creditor." *Id.* The Court granted the defendant summary judgment on the plaintiff's claim that the demand letter violated §§ 1692e and 1692g(a). *Id.* at *1, 7. The Court concluded that the demand letter "left no room for confusion in the eyes of the least sophisticated consumer,"

5

as Comenity conducted business with account holders using the name PayPal Credit and as a consumer with a PayPal Credit account may have never heard of Comenity and "is unlikely to know that Comenity is the bank ultimately providing the credit and thus the creditor." *Id.* at *5-7. The Court further concluded that, to the extent that the demand letter contained a "hyper-technical FDCPA violation," that violation was immaterial because it would not influence a consumer's decision to pay or challenge a debt when the letter identified PayPal Credit, the entity to whom the consumer made payments. *Id.* at *6-7 ("Put simply, payment to PayPal Credit is all the consumer has known since the inception of the credit relationship.").

Here, the least sophisticated consumer who applies for a Kohl's Charge credit card would believe that Kohl's, not Capital One, is providing credit. The name of the credit card itself reinforces such a belief. In addition, the online application repeatedly refers to the card as Kohl's Charge, refers to the application as a Kohl's Charge Application, and advertises special offers redeemable either in Kohl's stores or on Kohls.com. DE 69-1, 69-2. Kohl's Charge billing statements refer to the credit card as Kohl's Charge, display the Kohl's logo at the top, and direct the cardholder to make payment either on Kohls.com or by mailing a check payable to Kohl's to Kohl's Payment Center. DE 58-2; DE 58-3.

As in *Maximiliano*, a Kohl's Charge cardholder has conducted business with and made payments to Kohl's, is likely unaware that Kohl's Charge is associated with Capital One, and may never have heard of Capital One. *See Maximiliano*, 2018 WL 783104, at *5-7. The demand letter's reference to Kohl's, rather than Capital One, is not a material misrepresentation because it would not influence a consumer's decision or ability to pay or challenge the debt. *See Anselmi*, 2015 WL 11121357, at *6. This is because the demand letter names the entity to whom the

6

consumer has been required to make payment in the past. *Cf. Maximiliano*, 2018 WL 783104, at *6-7. A demand letter that instead named Capital One could very well cause confusion and influence a consumer's decision to pay or challenge the debt, as the consumer likely has not understood the credit relationship as being one with Capital One. *See Demonte*, 2015 WL 12556159, at *3 n.1.

For these reasons, defendant is entitled to judgment as a matter of law on Plaintiff's claim of a violation of 15 U.S.C. § 1692g(a). Capital One held itself out as Kohl's Charge for the purpose of extending credit to Plaintiff, and the demand letter that Plaintiff received named the entity to whom the least sophisticated consumer would understand that a debt on a Kohl's Charge account was owed. To the extent that the demand letter may have been a technical violation of § 1692g(a), that violation in fact forestalled confusion on the part of the least sophisticated consumer. *See Caceres*, 755 F.3d at 1303 (stating that a debt collection practice may violate § 1692e or § 1692g if it would tend to mislead the least sophisticated consumer and that this standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness" (quotation omitted)); *see also* 15 U.S.C. § 1692(e) (stating that the FDCPA's purpose is to eliminate abusive debt collection practices).

In addition, defendant is entitled to judgment as a matter of law on Plaintiff's claim of a violation of 15 U.S.C. § 1692e. To the extent that the demand letter may have contained a technical misrepresentation, the misrepresentation was immaterial. The demand letter would not mislead the least sophisticated consumer or influence a decision about whether to pay or challenge the debt. *See Anselmi*, 2015 WL 11121357, at *6 (stating that only material misrepresentations violate the FDCPA and that a material statement is one that influences a consumer's decision or

7

ability to pay or challenge a debt); *see also Maximiliano*, 2018 WL 783104, at *6 (stating that courts determining FDCPA liability are not concerned with mere technical falsehoods that mislead no one).

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE 57] is **GRANTED**. Plaintiff's Motion for Summary Judgment [DE 49] is **DENIED**. Defendant shall, within 10 days of the date of this Order, submit a proposed Order of Final Judgment in Word format to Rosenberg@flsd.uscourts.gov.

The Clerk of the Court is instructed to **CLOSE THIS CASE**. All pending motions are **DENIED AS MOOT**, all hearings are **CANCELED**, and all deadlines are **TERMINATED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of March, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record